MELODY A. KRAMER, SBN 169984
KRAMER LAW OFFICE, INC.
4010 Sorrento Valley Blvd., Ste. 400
San Diego, California 92121
Telephone (855) 835-5520
kramerlawinc@gmail.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VINZENZ J. KOLLER, an individual and Presidential Elector,

    Plaintiffs,

v.

JERRY BROWN, in his official capacity as Governor for the State of California; KAMALA HARRIS, in her official capacity as Attorney General for the State of California; ALEX PADILLA, in his official capacity as Secretary of State for the State of California; and DOES 1-10;

    Defendants.

Case No. _____

**VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**PRELIMINARY STATEMENT**

Plaintiff Vinzenz J. Koller, a Presidential Elector for the State of California, hereby challenges the constitutionality of *California Election Code* §§ 6906 and 18002, statutes which restrict, under penalty of fine and/or imprisonment, the obligations of presidential electors under Article II of the U.S. Constitution, as amended by the Twelfth Amendment, and the First Amendment rights of freedom of speech.

Plaintiff seeks the protection to act as a Presidential Elector not merely by placing a ceremonial vote, but as part of a deliberative body, placing a vote that is most likely to

1    ensure that only a person with the adequate qualifications for office be voted in as President
2    of the United States.
3         Currently 29 states, including California, have state laws that bind presidential
4    electors to do no more than place a ceremonial vote in accord with their party affiliation or
5    pre-election pledge. Plaintiff here, is joining the path of other electors in the States of
6    Colorado and Washington seeking relief from state statutes that interfere with their right to
7    act as a deliberative body and, if appropriate under the circumstances, place their votes in
8    the best interest of the country, even if they might not be their party's candidate.
9         The relief sought here is narrow – declaratory relief that *Election Code* §§ 6906 and
10   18002 are unconstitutional restraints on presidential electors, and furthermore, that those
11   sections have the same effect as threats against electors made criminal by *Election Code* §
12   18540(a).
13        Plaintiff, through undersigned counsel, for his complaint against the above-named
14   Defendants avers as follows.

**PARTIES**

16   1.   Vinzenz J. Koller is a resident of Monterey County, California, and a duly
17   chosen Presidential Elector for the 2016 presidential election.
18   2.   Defendant Jerry Brown is the Governor of California and, as its chief
19   executive, has the power to enforce the laws of the State of California, including *Election*
20   *Code* §§ 6906 and 18002.
21   3.   Defendant Kamala Harris the Attorney General of California and, in such
22   capacity, enforces the laws of the State of California, including *Election Code* §§ 6906 and
23   18002.
24   4.   Defendant Alex Padilla is the Secretary of State of California and, as such,
25   gives notice of the time and place for the Presidential Electors to vote, and certifies the
26   results of the Presidential Electors' balloting and votes.
27   5.   Defendants DOES 1-10 are other individuals or entities, presently
28   unidentified, that upon information and belief are also engaged, directly or indirectly, in the

1  conduct giving rise to this Complaint.  On information and belief, Defendants act as agents
2  of one or more of each other relative to the subject matter of this Complaint.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the subject matter of this dispute as it relates to a federal question, to wit, a challenge to the constitutionality of a state statute, under 28 U.S.C. § 1331 as well as 28 U.S.C. §§ 2201 and 2202.

7. The federal question presented by this case is the constitutionality of *California Election Code* §§ 6906 and 18002, which requires electors to vote "for that person for President and that person for Vice President of the United States, who are, respectively, the candidates of the political party which they represent . . ." and calls for punishment for "willfully neglect[ing] or refus[ing] to perform it" or "knowingly and fraudulently act[ing] in contravention" to be punished by fine or imprisonment.

8. These statutes, *Election Code* §§ 6906 and 18002, violate Article II of the U.S. Constitution as amended by the Twelfth Amendment, and freedom of speech under the First Amendment.

9. Venue is proper in this Court under 28 U.S.C. § 1391(b).

**FACTUAL ALLEGATIONS**

10. Plaintiff is a duly authorized Presidential Elector of the Democratic Party and has met all qualifications to be an elector.

11. *California Election Code* §§ 6906 and 18002 require electors to vote "for that person for President and that person for Vice President of the United States, who are, respectively, the candidates of the political party which they represent . . ." and calls for punishment for "willfully neglect[ing] or refus[ing] to perform it" or "knowingly and fraudulently act[ing] in contravention" to be punished by fine or imprisonment.

12. The Democratic Presidential candidate is Hillary Rodham Clinton and the Democratic Vice-Presidential Candidate is Timothy Kaine.

13. Though the Democratic nominees for President and Vice-President won the nationwide popular vote by at least 2.7 million votes, and won the California popular vote by a large margin, the various state-by-state popular votes portend that Donald Trump and Michael Pence (the Republican presidential and vice presidential nominees) will win the majority of electoral college votes on December 19, 2016 if the electors in each state vote consistent with the popular vote in their respective states.

14. Presidential Electors in the states of Arizona, Arkansas, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Minnesota, Missouri, New Hampshire, New Jersey, New York, North Dakota, Pennsylvania, Rhode Island, South Dakota, Texas, and West Virginia are not, however, bound to simply place a ceremonial vote consistent with their state's popular vote, though they usually do so.

15. The remaining states, including California, have laws in place requiring their Presidential Electors to vote consistent with the persons and/or party corresponding to the popular vote in the state.

16. *California Election Code* § 6906 requires electors to vote "for that person for President and that person for Vice President of the United States, who are, respectively, the candidates of the political party which they represent . . ."

17. *California Election Code* § 18002 sets for a punishment for "willfully neglect[ing] or refus[ing] to perform" duties under state elections laws or "knowingly and fraudulently act[ing] in contravention" to be punished by fine or imprisonment.

18. This state requirement pre-determining the vote to be cast by Presidential Electors violates the plain language of Article II, Section 1, of the U.S. Constitution, as amended by the Twelfth Amendment, which indicates that there is no way to know in advance what the vote will be –

> The executive power shall be vested in a President of the United States of America. He shall hold his office during the term of four years, and, together with the Vice President, chosen for the same term, be elected, as follows:

4.

Case No. _____

> Each state shall appoint, in such manner as the Legislature thereof may direct, a number of electors, equal to the whole number of Senators and Representatives to which the State may be entitled in the Congress: but no Senator or Representative, or person holding an office of trust or profit under the United States, shall be appointed an elector.
>
> The electors shall meet in their respective states, and vote by ballot for two persons, of whom one at least shall not be an inhabitant of the same state with themselves. And they shall make a list of all the persons voted for, and of the number of votes for each; which list they shall sign and certify, and transmit sealed to the seat of the government of the United States, directed to the President of the Senate. The President of the Senate shall, in the presence of the Senate and House of Representatives, open all the certificates, and the votes shall then be counted. The person having the greatest number of votes shall be the President, if such number be a majority of the whole number of electors appointed; and if there be more than one who have such majority, and have an equal number of votes, then the House of Representatives shall immediately choose by ballot one of them for President; and if no person have a majority, then from the five highest on the list the said House shall in like manner choose the President. But in choosing the President, the votes shall be taken by States, the representation from each state having one vote; A quorum for this purpose shall consist of a member or members from two thirds of the states, and a majority of all the states shall be necessary to a choice. In every case, after the choice of the President, the person having the greatest number of votes of the electors shall be the Vice President. But if there should remain two or more who have equal votes, the Senate shall choose from them by ballot the Vice President.
>
> The Congress may determine the time of choosing the electors, and the day on which they shall give their votes; which day shall be the same throughout the United States. ...

19.     Furthermore, this state requirement pre-determining the vote to be cast by Presidential Electors violates the Founders' intent that the Presidential Electors be a deliberative and independent body free to cast votes for whomever they deem to be the most fit and qualified candidates.

> See The Federalist, No. 68 (Earle ed., 1937), pp. 441-442: "It was desirable that the sense of the people should operate in the choice of the person to whom so important a trust was to be confided. This end will be answered by committing the right of making it, not to any preestablished body, but to men chosen by the people for the special purpose, and at the particular conjuncture.

> "It was equally desirable, that the immediate [presidential election] should be made by men most capable of analyzing the qualities adapted to the station, and acting under circumstances favorable to deliberation, and to a judicious combination of all the reasons and inducements which were proper to govern their choice. A small number of persons, selected by their fellow-citizens from the general mass, will be most likely to possess the information and discernment requisite to such complicated investigations."

Quoted in *Ray v. Blair*, 343 U.S. 214.

20. Ironically, the Constitution and the Founders' intent should be protected under *California Election Code* § 18540(a) which makes it a felony offense for "every person who makes use of or threatens to make use of any … tactic of coercion or intimidation, to induce or compel any other person to vote … or to vote or refrain from voting for any particular person … at any election, or because any person voted or refrained from voting at any election or refrained from voting for any particular person …"

21. Coercion via statute is not different in result than independent coercion as it interferes with the freedom of speech (to voice questions and concerns about the fitness and qualification for office of any potential candidate for President and Vice President) and the obligation and right to act as part of the Presidential Electors to "analyz[e] the qualities adapted to the station," "act[] under circumstances favorable to deliberation, and to a judicious combination of all the reasons and inducements which were proper to govern their choice" and to "possess the information and discernment requisite to such complicated investigations."

22. Though Hillary Clinton and Timothy Kaine won the majority vote in California and are qualified for office, Plaintiff cannot be constitutionally compelled to vote for them. Plaintiff must be allowed to exercise his judgment and free will to vote for whomever he believes to be the most qualified and fit for the offices of President and Vice President within the circumstances and with the knowledge known on December 19, 2016, whether those candidates are Democrats, Republicans, or from a third party.

## FIRST CAUSE OF ACTION

### (Declaratory Relief)

23. Plaintiffs re-allege and incorporate by reference paragraphs 1-24, above.

24. *Election Code* §§ 6906 and 18002 call for criminal penalties against Plaintiff if Plaintiff does not place his presidential electoral vote for Hillary Clinton and Tim Kaine.

25. Plaintiff's stated intention to not necessarily place his vote for Hillary Clinton and Tim Kaine, but instead to act with the deliberative intent and care for choosing of qualified persons for the office of President and Vice President called for in the U.S. Constitution, creates a risk of criminal prosecution by the State of California and thus creates an actual controversy within the meaning 28 U.S.C. § 2201(a).

26. The threat of criminal prosecution against Plaintiff if he acts in any manner in his capacity as Presidential Elector other than as a rubber stamp or ceremonial vote consistent with the popular vote in California, constitutes a violation of his obligations under the U.S. Constitution, Art. II, Sec. 1, as amended by the Twelfth Amendment, and his rights to freedom of speech under the First Amendment of the U.S. Constitution.

27. Plaintiff therefore requests a declaratory judgment by this Court that *California Elections Code* § 6906 and the corresponding penalty for violation thereof in *California Elections Code* § 18002 are unconstitutional and therefore unenforceable against Plaintiff and his fellow electors.

28. The purpose of the Electoral College, which is made up of electors such as Plaintiff, is to elect the President and Vice President of the United States. There is nothing in the Constitution that permits or requires electors to be bound to vote the same as the popular vote in their states. For the first 100 years of our history, the majority of states did not hold popular votes for the election of president and vice president and, instead, the states themselves appointed the electors who voted for president and vice president.

29. Alexander Hamilton explicitly stated "that that the immediate election should be made by men most capable of analyzing the qualities adapted to the station." Federalist No. 68. The electors (the "men") would be "most likely to possess the information and

discernment requisite to such complicated investigations." *Id.* The electors were created so that they, as a deliberative body, would be "detached" and less prone to be influenced by the "heats and ferments" of a raucous election. *Id.* The electors would help ensure "the office of President [would] never fall to the lot of any man who is not in an eminent degree endowed with the requisite qualifications." *Id.* The electors create an "obstacle" to "cabal, intrigue, and corruption" and prevent "foreign powers [from] gain[ing] an improper ascendant in our councils." *Id.*

30. The United States Supreme Court has already partially addressed the question of a state statute that required an elector for a primary election to sign a pledge as to whom they would vote and found the pledge itself constitutional (*Ray v. Blair*, 343 U.S. 214 (1952)), the Supreme Court left open the question of whether enforcement of such pledges, or penalties for violating the pledges, or state statutes dictating what votes would be placed, was constitutional. This question is now ripe for review.

31. Similarly, while Article II, Section 1 provides that states shall "appoint" electors, but the Constitution does not provide that the states shall have the ability to determine for whom those electors will vote.

32. The Electoral College would be rendered superfluous and antithetical to the purpose of the Electoral College as articulated by Alexander Hamilton, for if the electors are merely to vote for the candidate who won the popular vote in their state, then there is no need for the Electoral College at all. While many scholars have advocated for the elimination of the Electoral College, this case does not seek to invalidate the Electoral College; that would be a matter to be changed by constitutional amendment.

33. Injunctive relief is necessary to prevent the Defendants from violating Plaintiff's constitutional rights or chilling his exercise of those rights due to the risk of punitive consequence for voting in the broader interest of the country, even if that might not end up aligning with his loyal party affiliation. Without such relief, Plaintiff's right and obligation a Presidential Elector and his right of freedom of speech will be irreparably harmed.

34. This Court can provide declaratory relief because an actual and substantial controversy now exists between Plaintiffs and the Defendants with respect to Plaintiff's rights and Defendants' rights and duties under *Elections Code* §§ 6906 and 18002.

35. Plaintiffs' constitutional rights will be directly, substantially, and irreparably violated, affected, and injured unless and until this Court declares the state law requiring electors to vote consistent with the popular vote in their state, and penalizing an elector for not doing so, is unconstitutional.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks the Court to:

A. Enter a temporary restraining order (as per the concurrently filed motion for the same);

B. Enter an order declaring *California Elections Code* §§ 6906 and 18002 to the extent it allows for punitive action against a Presidential Elector who exercises independent analysis and judgment and places his vote for President and Vice-President accordingly, even if it is not his party's candidate, to be unconstitutional under the U.S. Constitution, Article II, Section 1, as amended by the Twelfth Amendment, and First Amendment.

C. Enter an order permanently enjoining the Defendants from prosecuting any presidential elector on the basis of their vote placed for a presidential or vice presidential candidate; and

D. For all such other relief as the Court deems just and proper.

Dated this 9th day of December 2016.

By:   /s/ Melody A. Kramer
      Melody A. Kramer, Esq.
      KRAMER LAW OFFICE, INC.
      Attorney for Plaintiff

## VERIFICATION

I declare under penalty of perjury of the laws of the State of California and the United States that the foregoing is true and correct to the best of my knowledge with the exception of legal contentions asserted by my attorney.

Executed this 9th day of December, 2016, in Monterey County, California.

_____
Vinzenz J. Koller

10.                    Case No. _____