MELODY A. KRAMER, SBN 169984
KRAMER LAW OFFICE, INC.
4010 Sorrento Valley Blvd., Ste. 400
San Diego, California 92121
Telephone (855) 835-5520
kramerlawinc@gmail.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINZENZ J. KOLLER, an individual and Presidential Elector, <br><br> Plaintiffs, <br><br> v. <br><br> JERRY BROWN, in his official capacity as Governor for the State of California; KAMALA HARRIS, in her official capacity as Attorney General for the State of California; ALEX PADILLA, in his official capacity as Secretary of State for the State of California; and DOES 1-10; <br><br> Defendants. | Case No. 5:16-cv-07069 <br><br> **NOTICE OF MOTION AND MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** <br><br> Date: <br> Time: <br> Courtroom: <br> Judge: |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on _____ at _____ a.m., or as soon thereafter as the matter may be heard in _____ of the above-entitled court located at _____, Plaintiff will respectfully move and request a temporary restraining order and preliminary injunction pursuant to Fed.R.Civ.P. 65(a) and (b).

Good cause exists for the requested relief as follows:

1.      Plaintiff is a duly appointed Presidential Elector for the State of California,

scheduled to place his votes for President and Vice-President on December 19, 2016;

2. Current California law - *Election Code* §§ 6906 and 18002 – call for a criminal penalty against electors who fail to vote for their respective party's candidate, irrespective of the circumstances.

3. These statutes are unconstitutional, violating the U.S. Constitutional obligation of electors to act as a deliberative body, analyzing the fitness of prospective candidates for those offices, and judiciously acting on relevant information before placing their votes.

4. These statutes are in violation of federal and state laws prohibiting and criminalizing coercion of votes.

5. These statutes are unconstitutional, violating the Equal Protection Clause of the Fourteenth Amendment, because coercion of votes by electors from some states, but not others, result in an inability of Plaintiff and other similarly situated electors to act in the best interest of the citizens of their state.

6. These statutes are unconstitutional, violating the First Amendment right of free speech.

7. Plaintiff wants to be free to place his vote in a manner best suited to ensuring that a fit and qualified person be elected, even if that might require a vote for a political party other than his own.

This Motion will be based upon this Notice, the accompanying Memorandum of Points and Authorities, Declaration of Plaintiff Vinzenz Koller, Request for Judicial Notice, the Verified Complaint, and any such other portions of the case file in this case or other evidence is submitted to the Court.

## REQUEST FOR EXPEDITED HEARING

Plaintiff requests that the sought TRO and preliminary injunction be determined as soon as possible and that a hearing on this matter occur in advance of December 18, 2016. A hearing and order must be issued before the electors meet on

Case No. 5:16-CV-07069

December 19, 2016 to avoid irreparable harm.

DATED: Monday, December 12, 2016.

KRAMER LAW OFFICE, INC.


__/s/ Melody A. Kramer_____
Melody A. Kramer, Esq.

**TABLE OF CONTENTS**

INTRODUCTION   ..................................................................................................4

STATEMENT OF FACT   ......................................................................................5

ARGUMENT   .........................................................................................................7

I.    PLAINTIFF IS ENTITLED TO A PRELIMINARY INJUNCTION.  .....................7

    A.   Likelihood of Success on the Merits.  ...............................................................7
        1.   *The Electoral College is Superfluous if Electors are Forced to Vote for Certain Candidates.*  .....................................................*8*
        2.   *Coercion of any voters violates federal and state election laws.*  ..... *11*
        3.   *Coercion of voting against electors from some states, but not others, violates the Equal Protection Clause of the Fourteenth Amendment.*  ................................................................ *11*
        4.   *California's Binding Statute Violates the First Amendment.*  ........... *12*
    B.   Irreparable Harm.  .............................................................................................14
    C.   Balance of Equities Tip in Plaintiff's Favor.  ...................................................15
    D.   Public Interest. ...............................................................................................15

II.   SECURITY IS UNNECESSARY.  .........................................................................16

CONCLUSION   ........................................................................................................16

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TABLE OF AUTHORITIES**

<u>Constitution, Statutes, Rules</u>

U.S. Constitution, Art. II, Sec. 1 ............................................................... 6, 7, 10

U.S. Constitution, 1st Amendment  ................................................................... 8

U.S. Constitution, 12th Amendment  ................................................. 7, 8, 10, 11

18 U.S.C. § 594  ....................................................................................... 6, 11, 12

Fed.R.Civ.P. 65  .............................................................................................. 1, 16

*California Election Code* § 6906 ..................................................... 2, 5-7, 10-14

*California Election Code* § 18002 ................................................... 2, 5-7, 10-14

*California Election Code* § 18310 ............................................................... 14

*California Election Code* § 18540(a)  ........................................................ 6, 14

<u>Caselaw</u>

*Burdick v. Takushi*, 504 U.S. 428 (1992) ........................................................ 13

*Hurtado v. California*, 110 U.S. 516 (1884) ..................................................... 9

*Johnson v. Couturier*, 572 F.3d 1067 (9th Cir. 2009) ................................... 16

*McIntyre v. Ohio  Elections Comm'n*, 514 U.S. 334 (1995) .......................... 13

*Ray v. Blair*, 343 U.S. 214 (1952)  .................................................................. 8

*U.S. v. Classic*, 313 U.S. 299 (1941) ............................................................. 13

*US Term Limits v. Thornton*, 514 U.S. 779 (1995)  ......................................... 9

*Williams v. Rhodes*, 393 U.S. 23 (1968) ......................................................... 7

*Winter  v.  Natural Res. Defense Council, Inc.*, 555 U.S. 7 (2008)  ................. 7

<u>Secondary Sources</u>

The  Federalist No.  68 (Alexander Hamilton) ................................... 9, 10, 12, 13

IS THE  UNIFORM FAITHFUL PRESIDENTIAL ELECTORS ACT
CONSTITUTIONAL*?*, 2016 Cardozo L. Rev. De  Novo 129 ......................... 10

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

On December 19, 2016, 538 American citizens will meet, in person, at their respective state capitols, to place votes for the persons they believe are most appropriate to ascend to the highest offices in our country, the offices of President and Vice-President.

Of those 538 Presidential Electors, 299 (56%), including Plaintiff, are required and coerced, under penalty of replacement and/or criminal sanction, to act as mere robots, placing votes for the winner of the popular vote in their states on November 8, 2016, irrespective of any fact, independent judgment, or knowledge in their possession regarding the integrity of the election itself or of the fitness or unfitness of any prospective office holder. The remaining 239 Presidential Electors (44%) are not under such coercion.

The entire point of this case is to remove the coercion being placed on Plaintiff to place a mere rubberstamp or ceremonial vote for the most important offices in the nation and to be able to join with the other 239 Presidential Electors who are currently free to exercise their Constitutional purpose of being deliberative, conscientious decisions makers in the interest of the entire country.

Electors must not be required to put a blindfold on at midnight on November 8th and ignore facts and evidence that come to their attention between that time and the time of placing their vote. For example, Plaintiff and other electors have learned that the CIA has concluded with "high confidence" that Russia sought to influence the U.S. election. President Obama and lawmakers in Congress have decided to conduct a bipartisan investigation into this matter.

Interference by a foreign government in U.S. elections is a serious matter, and ensuring that no one be put into the office of President or Vice-President that might be subject to foreign influence is part of the Electoral College job. Plaintiff takes this matter very seriously, and in fact is submitting a letter to President Obama today requesting that he

1   and all Electors be provided access to this information prior to December 19th so they may

2   judge for themselves whether these matters should be factored into their placing of votes.

3   As the law stands right now, 239 electors are legally allowed to consider the

4   possibility of foreign interference in our 2016 elections as part of their decision-making

5   process on December 19, 2016, but Plaintiff and 298 other Electors are coerced through

6   state law to not consider this or any other information before placing their vote.

7   Currently 29 states (which account for 299 electoral votes), including California,

8   have state laws that bind presidential electors to do no more than place a ceremonial vote in

9   accord with their party affiliation or pre-election pledge. Electors in at least two other states

10  - Colorado and Washington – are also currently seeking relief from state statutes that

11  interfere with their right to place their votes in the best interest of the country, even if they

12  might not be consistent with their party affiliation.

13  The relief sought here is narrow – temporary restraining order and preliminary

14  injunction (and eventual declaratory relief and permanent injunction) holding that *Election*

15  *Code* §§ 6906 and 18002 are unconstitutional and also that intimidation, threats, and

16  coercion on Presidential Electors are already criminalized by 18 U.S.C. § 594 and *Election*

17  *Code* § 18540(a).

18  Plaintiff is forced to bring this legal action and request a preliminary injunction to

19  protect his rights against possible prosecution, but also to protect the Constitution, and the

20  Republic.

21

22                              **STATEMENT OF FACT**

23  Plaintiff was nominated and duly selected to be a Presidential Elector for 2016 by

24  the members of the California Democratic Party. See *Koller Decl.,* ¶ 2. He is scheduled

25  to place his votes for President and Vice-President on December 19, 2016. *Id.* ¶ 3.

26  Although Plaintiff Mr. Koller is a long-time and loyal Democrat, he understands that

27  his job as Elector is not that of an automaton, but rather a thinking, reasoning, decision

28

maker selected to be part of the Electoral College who will place votes for President and Vice-President.

Plaintiff has the right and obligation under the U.S. Constitution, Art. II, Sec. 1, as an elector, to vote for the candidates that he believes are most fit and qualified to run this country, even if that means voting for someone other than the Democratic nominees if doing so is consistent with the larger purpose of ensuring the best person ascends to the highest offices in the Executive Branch.

Federal election laws prohibit, upon pain of criminal sanction, intimidating, threatening, or coercing Plaintiff in his vote choice for President and Vice-President.

> Whoever intimidates, threatens, coerces, or attempts to intimidate, threaten, or coerce, any other person for the purpose of interfering with the right of such other person to vote or to vote as he may choose, or of causing such other person to vote for, or not to vote for, any candidate for the office of President, Vice President, . . . at any election held solely or in part for the purpose of electing such candidate, shall be fined under this title or imprisoned not more than one year, or both.

18 U.S.C. § 594.

Likewise, *California Election Code* § 18540(a) also bans and punishes anyone who "makes use of or threatens to make use of … tactic of coercion or intimidation, to induce or compel any other person … to vote or refrain from voting for any particular person … at any election . . ."

Notwithstanding the clear intent that nobody should be coercing any type of voter for any type of election, two other California statutes do just that. *Election Code* § 6906 instructs presidential electors to "vote by ballot for that person for President and that person for Vice President of the United States, who are, respectively, the candidates of the political party which they represent, one of whom, at least, is not an inhabitant of this state." *Election Code* § 18002 then sets forth a penalty of a fine not to exceed $1,000 or imprisonment for "every person charged with the performance of any duty under any law of this state relating to elections, who willfully neglects or refuses to perform it, or who, in his

1   or her official capacity, knowingly and fraudulently acts in contravention or violation of
2   any of those laws …"The Defendants, as the highest officials in the State of California
3   tasked with enforcing its laws, including election laws, could initiate criminal prosecution
4   against Plaintiff under *Election Code* §§ 6906 and 18002 if he does not vote for a
5   specific set of candidates, regardless of the reason. While Plaintiff may vote for them,
6   Plaintiff has a constitutional right  to vote for whomever he freely chooses and cannot be
7   compelled to vote for any candidate.

8       The issues raised in this most recent election cycle are extensive and unique in our
9   nation's history, even though the action of electors to not vote in accord with the popular
10  vote in their state is permissible, and no unprecedented, though infrequent. Plaintiff seeks
11  the ability to exercise his constitutional rights and obligations with respect to his role as
12  presidential elector so as to consider all options available without fear of punishment.

13

14                                      **ARGUMENT**
15  I.      PLAINTIFF IS ENTITLED TO A PRELIMINARY INJUNCTION.

16      "A plaintiff seeking a preliminary injunction must establish that he is likely to
17  succeed on the merits, that he is likely to suffer irreparable harm in the absence of
18  preliminary relief, that the balance of equities tips in his favor, and that an injunction is
19  in the public interest." *Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 19 (2008).

20

21          A.      Likelihood of Success on the Merits.

22      "Obviously we must reject the notion that Art. II, § 1, gives the States power  to
23  impose burdens on the right to vote, where such burdens are expressly prohibited in
24  other constitutional provisions." *Williams v. Rhodes*, 393 U.S. 23, 29 (1968).

25      Plaintiffs are substantially likely to prevail on the paramount issue that California's
26  elector binding and penalizing statutes, *Election Code* §§ 6906 and 18002, are
27  unconstitutional because they violate Article II of the U.S. Constitution, as amended by
28  the Twelfth Amendment, violate both federal and state election laws, violate the Equal

Protection Clause, and compel speech in violation of the First Amendment's right to freedom of speech.

     *1.    The Electoral College is Superfluous if Electors are Forced to Vote for Certain Candidates.*

     "[P]olitical parties in the modern sense were not born with the Republic. They were created by necessity, by the need to organize the rapidly increasing population, scattered over our Land, so as to coordinate efforts to secure needed legislation and oppose that deemed undesirable." *Ray v. Blair*, 343 U.S. 214, 220-21, (1952).[1] "The presidential electors exercise a federal function in balloting for President and Vice-President but they are not federal officers or agents any more than the state elector who votes for congressmen. They act by authority of the state that in turn receives its authority from the Federal Constitution." *Id.* at 224-25. Thus, though the states have authority to appoint electors pursuant to Article II § 1, that power cannot "be exercised in such a way as to violate express constitutional commands that specifically bar States from passing certain kinds of laws." *Rhodes*, 393 U.S. at 29.

     The Court in *Ray* found requiring electors to sign a pledge to certain candidates was valid and constitutional, but explicitly left open the question of enforcement of statutes like California's –

> However, even if such promises of candidates for the electoral college are legally unenforceable because violative of an assumed constitutional freedom of the elector under the Constitution, Art. II, § 1, to vote as he may choose in the electoral college, it would not follow that the requirement of a pledge in the primary is unconstitutional.

*Ray,* 343 U.S. at 230.

     Only electors vote for the President and Vice-President. *See* U.S. Const. Art II § 1; U.S. Const. Amend. XII. A state imposed restriction that adds conditions to requirements

---

[1] *Ray* came about when the Democrats in Alabama in the 1948 presidential election refused to vote for Truman because of the pro-civil rights platform, and, instead, voting for Strom Thurmond and forming the Dixiecrats. The party thereafter instituted a pledge for electors that they vote for the party's nominee.

Case No. 5:16-CV-07069

set forth in the Constitution (such as state imposed term limits for US Senators) "is contrary to the 'fundamental principle of our representative democracy,' embodied in the Constitution." See *US Term Limits v. Thornton*, 514 U.S. 779 (1995).

The electoral college was created to be separate, a "small number of persons selected by their fellow-citizens … most likely to possess the information and discernment requisite to so complicated an investigation" who choose the President and Vice-President. The Federalist No. 68, at 412 (Alexander Hamilton) (Clinton Rossiter ed., 1961). The electors act "under circumstances favorable to deliberation." *Id.* The electors would be insulated from "mischief," "tumult," and "disorder." *Id.* The electors would be less exposed "to heats and ferments" of the people. *Id.* The Electoral College creates an "obstacle … to cabal, intrigue, and corruption." *Id.* Chief among the reasons for the Electoral College was to prevent "foreign powers" from "gain[ing] an improper ascendant in our councils," might be achieved "by raising a creature of their own to the chief magistracy of the Union." *Id.* at 412-13. The electors were to "vote for some fit person as President." *Id.* at 413. Thus, the country would be

> "afford[ed] a moral certainty that the office of President will seldom fall to the lot of any man who is not in an eminent degree endowed with the requisite qualifications. Talents for low intrigue, and the little arts of popularity, may alone to suffice to elevate a man to the first honors in a single State; but it will require other talents, and a different kind of merit, to establish him in the esteem and confidence of the whole Union …."

*Id.* at 414.

Statutes such as California's, which require electors to vote for a party's slate of candidates lest the elector be removed or otherwise punished, render the electoral college superfluous, which violates one of the basic cannons of Constitutional law and statutory interpretation. *See Hurtado v. California*, 110 U.S. 516, 534 (1884) (absent clear reason, a court cannot assume a part of the Constitution is superfluous). The Founders did not draft the Constitution so that the President and Vice-President were directly elected by the majority of the popular vote. At most, "the sense of the people should operate in the

1   choice of" President. *Id.*  Instead, they created the Electoral College.

2         If the electors in California are required to vote for the candidate of the party that

3   wins the majority of the popular vote in California, the electors serve no purpose and are

4   rendered superfluous. After  all, what's the point of electors if they serve only as a rubber

5   stamp for the popular vote? What is the point of meeting together at an appointed

6   time and place if there is nothing being done beyond a ceremonial vote casting?

7   Surely  there  can  be  no  "deliberation"  as  a  rubber  stamp,  for  there  is  nothing  to

8   deliberate about. No  "investigation" can occur if there's nothing to investigate because

9   the  electors  have  no  say  in  who  becomes  President.  There's  no  need  to  insulate

10  electors  from  the  "mischief,"  "tumult,"  "disorder,"  "heats  and  ferments"  of  an  election

11  and the populace if they are forced to vote for  the  same people that "won" the majority

12  vote by exploiting such heats, ferments, and disorder.

13        In Federalist No. 68, Hamilton admitted the electoral college system he had helped

14  create  was not "perfect" but it was "at least excellent." *Id.* Through the early part of the

15  Republic, the  Founders realized  some flaws in Article II, Sec. 1 and it was ultimately

16  amended by the Twelfth Amendment, which changed the means by  which the House

17  and  Senate  voted.  Despite  the  significant  changes  to  the  machinations  of  the  electoral

18  college,  nothing  changed  the  fact  that  the  electors  were  to  remain  an  independent,

19  deliberative,   and   investigative   body.   *See*   IS   THE   UNIFORM   FAITHFUL

20  PRESIDENTIAL  ELECTORS  ACT  CONSTITUTIONAL*?,*  2016 Cardozo L. Rev. De

21  Novo 129, 132-133, 147-148.

22        Plaintiffs  are  substantially  likely  to  succeed  on  their  claim  because  *Election*

23  *Code* §§ 6906 and 18002 undermine, are  inconsistent with, and render superfluous the

24  Electoral College called for in Article II, Sec. 1  of the Constitution and the Twelfth

25  Amendment.

26

27

28

2.      *Coercion of any voters violates federal and state election laws.*

Not only are *Election Code* §§ 6906 and 18002 in violation of the U.S. Constitution as discussed above, but they are also in violation of federal election laws, namely 18 U.S.C. § 594 which explicitly bans any type of intimidation, threat, coercion, or attempts thereof for the purpose of interfering with the right "to vote for, or not vote for, any candidate for the office of President, Vice President . . . at any election held solely or in part for the purpose of electing such candidate." In plain terms, this statute applies to the electoral college and votes placed by electors for President and Vice-President. How is a statute dictating how an elector will vote on December 19th, and threatening fines and jail if they do not vote a certain way *not* the type of coercive conduct prohibited by this statute?

Because *Election Code* §§ 6906 and 18002 also violates 18 U.S.C. § 594 by constituting illegal coercion of votes for President and Vice-President, Plaintiffs have a substantial  likelihood of succeeding on the merits.

3.      *Coercion of voting against electors from some states, but not others, results in a violation of the Equal Protection Clause of the Fourteenth Amendment.*

"No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Constitution, Art. XIV, Sec. 1.

At the current time, 21 states who account for 239 electors to the Electoral College do not have any state statutes binding electors or punishing them for crossing party lines when they place their electoral votes.  However, 29 states, accounting for the remaining 299 electoral votes, including California, have statutes that coerce or force electors to vote in a certain way. See *Request for Judicial Notice*.

The entire purpose of the Electoral College as described above is to be a deliberative and to a certain extent investigative body, but now only 21 states and 239 electors are allowed to do that. Plaintiff, if he is to follow California state law, would be required to

ignore even the most flagrant evidence of foreign interference in an election or of a prospective candidate for President or Vice-President, or evidence of any problem with qualifications of each candidate. In fact, a prospective presidential candidate could literally shoot somebody in the middle of the street with hundreds of witnesses and he or she would not, under California election laws, lose a single electoral vote.

California should not be represented in the critically important job of selection of the President and Vice-President by electors who are being threatened by fine or jail if they do not vote along party lines regardless of the circumstances. California citizens (and the citizens of the other 28 states with similar statutes) would not be getting equal protection under the law, specifically 18 U.S.C. § 594.

### 4.    *California's Binding Statute Violates the First Amendment.*

Alexander Hamilton tells us that electors are to vote their free will and the Founders were fearful of and keen to prevent a demagogue:

> "dangerous ambition more often lurks behind the specious mask of zeal for the rights of the people than under the forbidden appearance of zeal for the firmness and efficiency of government. History will teach us that the former has been found a much more certain road to the introduction of despotism than the latter, and that of those men who have overturned the liberties of republics, the greatest number have begun their career by paying an obsequious court to the people; commencing demagogues, and ending tyrants."

Federalist No. 1, Hamilton.

California's elector binding statutes, *Election Code* §§ 6906 and 18002, enable demagogues, compels the electors, in contravention of the First Amendment, to vote for them regardless of any investigation of knowledge of events or circumstances, and eliminates debate among the electors on the vital public issue of who should be President. In the current situation, Plaintiff and other electors are very keen to obtain more information about the official CIA reports confirming a substantial likelihood of interference by a foreign government in U.S. elections, a very serious matter. As things stands, Plaintiff and

Case No. 5:16-CV-07069

1    298 of his fellow Presidential Electors shouldn't be allowed to consider any such evidence,

2    but the remaining 239 Presidential Electors are.

3         "Discussion of public issues and debate on the qualifications of candidates are

4    integral to  the operation of the system of government established by our Constitution."

5    *McIntyre v. Ohio  Elections Comm'n*, 514 U.S. 334, 346 (1995). Such speech "occupies

6    the core of the protection  afforded by the First Amendment." *Id.* "When a law burdens

7    core political speech, we apply  "exacting scrutiny," and we uphold the restriction only

8    if it is narrowly tailored to serve an  overriding state interest." *Id.* at 347. There is a

9    fundamental "right of qualified voters within a  state to cast their ballots and have them

10   counted." *U.S. v. Classic*, 313 U.S. 299, 315 (1941).

11        Any statute that requires people to vote a certain way eliminates political

12   debate in  violation of the First Amendment. The Electoral College's purpose is

13   "deliberation" and  "investigation." Federalist No. 68. Under California's binding statute,

14   there is no deliberation or  investigation to be done because the electors are bound to vote

15   for specific candidates no matter what. Thus, *Election Code* §§ 6906 and 18002

16   improperly burden and punish an elector's core political speech. The law also improperly

17   compels electors to vote in a certain way.[2]

18        The electors are appointed by private political parties. Thus, the state itself  has

19   little state interest in determining who they are and what they believe. The state is not

20   a political party and has no interest in who people vote for. The state's only interest is

21   running fair elections in which people are given as much opportunity to vote free from

22   harassment or undue influence. For example, California has constitutional laws that

23   prohibits electioneering within 100 feet of a polling place (*Election Code* § 18370) and

---

25   [2] Some might argue that restrictions on the right to vote are not subject to strict scrutiny. *See*
26   *Burdick v. Takushi*, 504 U.S. 428, 432 (1992). However, these cases all deal with the procedure  of
     voting, *i.e.*, early voting, voting identification, place of voting, etc. No case has ever found  that
27   laws compelling for whom someone votes are constitutional under any level of scrutiny. Put
     another way, no state law could be constitutional that requires people who registered as Republicans
28   to vote only for Republicans. There's no difference between that hypothetical law and the statutes at
     issue here.

penalizes both financial exchanges for votes (*Election Code* § 18310) and threats, harassment, intimidation or coercion of votes (*Election Code* § 18540(a)). These statutes are constitutional, in part, because they protect the person's ability to vote for their candidate of choice.

In contrast, *Election Code* §§ 6906 and 18002 **requires** coercion when it comes to the electors – it requires that electors who don't vote a certain way to face criminal penalties of a fine and/or imprisonment. It's difficult to imagine a more impermissible law than one that requires someone to vote for a specific candidate. The concept is antithetical to the notion of democracy, free speech, and the Electoral College.

This Court must find the challenged statutes advance a compelling state interest, though none exists, and is narrowly tailored. No such law could be sufficiently narrowly tailored because the law seeks to do that which cannot be done – compel someone to vote a specific way through coercion and threats of fine and imprisonment. Tailoring the law to require voters cast ballots for only a certain political party advances no state interest because the State itself has no interest in which political party governs it (though its agents and elected officials do).

Because *Election Code* §§ 6906 and 18002 violates the First Amendment, Plaintiffs have a substantial likelihood of succeeding on the merits.

B.     Irreparable Harm.

Once votes are placed by the electors on December 19, 2016, they cannot be undone and the coercion involved in deciding who Plaintiff will vote for as President and Vice-President can never be fixed. Thus, there is irreparable harm.

Plaintiff will suffer irreparable injury in not being able to perform the job for which he has been chosen by the citizens of California without subjecting himself to possible criminal prosecution if he does not vote as California law currently coerces him to do. The California citizens' interests in having suitable persons become President and Vice-

President, and have their selected elector make that decision on their behalf that best meets the circumstances present on the day he votes, will also forever be impaired.

C.    Balance of Equities Tip in Plaintiff's Favor.

No hardship will occur to Defendants or the State of California if the requested injunction is implemented. There will be no need to re-do the election. The election, when it comes to the President and Vice-President, exists for the people to vote for the electors, including Plaintiff. Though California voters cast their ballots for presidential and vice-presidential candidates, they were voting for electors specific to political parties/candidates. It is up to those electors, who have now been voted for by the people, to choose the best candidates. That is the design of the Constitution.

In contrast, great hardship will occur to Plaintiff if the preliminary injunction is not issued. Plaintiff became an elector to become personally involved in the political process beyond simply voting on November 8, 2016. He believed he was well-suited to serve as an elector to find and vote for the candidates best suited for the offices of President and Vice-President. If the exercise of this Constitutional obligation and corresponding right of free speech were prohibited or chilled by an unconstitutional state restriction on his deliberation and eventual vote, Plaintiff will be barred from fulfilling his role as elector and voting for the most fit and qualified candidates for the positions of President and Vice-President.

D.    Public Interest.

The requested preliminary injunction will not be averse to the public interest; in fact, the public interest will be served by an injunction and would be greatly disserved if the injunction is not issued.

The public has an interest in making sure that fit and competent leaders are elected. Electors in 21 other states are free to choose to vote for the most viable, fit, and competent persons for office, even if those persons are not the candidates of their party. Plaintiff should have the same freedom. To force him to vote for candidates who may not prevail simply for

Case No. 5:16-CV-07069

the sake of party allegiance, which the State has no interest in, harms the public's interest in making sure electors do their constitutional duty – elect fit, competent, and qualified candidates to the two top elected positions in the country.

## II.     SECURITY IS UNNECESSARY.

Federal Rule of Civil Procedure 65(c) requires that the Court consider imposing an injunction bond for an enforceable order for preliminary injunctive relief, however, "the district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." *Johnson v. Couturier*, 572 F.3d 1067 (9th Cir. 2009).

Defendants cannot show "a likelihood of harm" if the preliminary injunction issues, and Plaintiffs have shown that absent an injunction their rights will be irreparably harmed. Thus, Plaintiffs respectfully submit that no security is necessary.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court issue a preliminary injunction that prohibits the Defendants from forcing Plaintiff to vote for any particular candidates for President or Vice-President in his role of Presidential Elector, or initiating any criminal prosecution or other penalty against Plaintiff for violation of *Election Code* §§ 6906 and 18002 thereby.

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order temporarily and preliminarily enjoining and restraining Defendants, and each of their agents, and any and all persons under the control or in active concert or participation with Defendants, jointly or severally, from compelling Plaintiff or any of his fellow electors them to vote for certain candidates, precluding them from voting for any candidates, or otherwise interfering with the vote of the electors on December 19, 2016.

Plaintiff furthermore requests the waiving of any security requirement of Fed. R. Civ. P. 65(c).

Dated this 11th day of December 2016.

By:      /s/ Melody A. Kramer
                        Melody A. Kramer, Esq.
                        KRAMER LAW OFFICE, INC.
                        Attorney for Plaintiff