Charles H. Bell, Jr. (SBN 060553)
cbell@bmhlaw.com
Brian T. Hildreth (SBN 214131)
bhildreth@bmhlaw.com
Terry J. Martin (SBN 307802)
tmartin@bmhlaw.com
**BELL, McANDREWS & HILTACHK, LLP**
455 Capitol Mall, Suite 600
Sacramento, California 95814
Telephone:    (916) 442-7757
Facsimile:    (916) 442-7759

Attorneys for Intervenor
CALIFORNIA REPUBLICAN PARTY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VINZENZ J. KOLLER, an individual and Presidential Elector,<br><br>Plaintiff,<br><br>vs.<br><br>JERRY BROWN, in his official capacity as Governor for the State of California; KAMALA HARRIS, in her official capacity as Attorney General for the State of California; ALEX PADILL, in his official capacity as Secretary of State for the state of California; and DOES 1-10,<br><br>Defendants. | Case No. 5:16-cv-07069<br><br>**NOTICE OF MOTION AND MOTION OF CALIFORNIA REPUBLICAN PARTY TO INTERVENE**<br><br>[F.R.C.P. Rule 24] |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT ON June 15, 2016 at 9:00 a.m., or as soon thereafter as the matter may be heard in the above-entitled court located at San Jose Courthouse, Courtroom 4 - 5th Floor, 280 South 1st Street, San Jose, CA 95113, Putative Intervenor CALIFORNIA REPUBLICAN PARTY (the "Party") petitions this Court, pursuant to Rule 24 of the Federal Rules of Civil Procedure, to be permitted to intervene in this case. The Party seeks intervention as of right, *see* Rule 24(a), or in the alternative, permissive intervention, *see* Rule

1
NOTICE OF MOTION AND MOTION TO INTERVENE

24(b); *United States v. City of Los Angeles*, 288 F.3d 391, 403 (9th Cir. 2002).  A Proposed Order granting intervention pursuant to Local Rule 7-2(c) and the Standing Order have been submitted.

The Motion will be based upon this Notice, the accompanying Memorandum of Points and Authorities, Declaration of Charles H. Bell, Jr. in support of the motion, Request for Judicial Notice, and on all other pleadings and evidence submitted to this Court at the time of the hearing on this matter.

Dated:  December 13, 2016.                    Respectfully submitted.

**BELL, McANDREWS & HILTACHK, LLP**

BY: _____/s/_____
        CHARLES H. BELL, JR.
        BRIAN T. HILDRETH
        TERRY J. MARTIN

Attorneys for Intervenor
CALIFORNIA REPUBLICAN PARTY

## MOTION TO INTERVENE

Putative Intervenor CALIFORNIA REPUBLICAN PARTY (the "Party") petitions this Court, pursuant to Rule 24 of the Federal Rules of Civil Procedure, to be permitted to intervene in this case. The Party seeks intervention as of right, *see* Rule 24(a), or in the alternative, permissive intervention, *see* Rule 24(b); *United States v. City of Los Angeles*, 288 F.3d 391, 403 (9th Cir. 2002).

Counsel for the Party has received confirmation from Counsel for Plaintiff, Melody A. Kramer, and counsel for Defendant KAMALA HARRIS, Attorney General, Senior Assistant Attorney General Douglas Woods, that they will not oppose the Party's intervention in this matter. Counsel for the Attorney General may well represent Defendants JERRY BROWN and ALEX PADILLA, but informed Counsel for the Party that that representation had not been formalized as of the date of our telephone call, December 12, 2016.

When evaluating whether the requirements for intervention of right are met, the U.S. Court of Appeals for the Ninth Circuit has stated that a court "normally follows practical and equitable considerations and construes the governing rule broadly in favor of proposed intervenors, since a liberal policy in favor of intervention serves both efficient resolution of issues and broadened access to the courts." *Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011). Because the issue of whether the requirement under California's Presidential Electors statute, Elec. Code § 6906, that electors vote for the presidential and vice-presidential candidate who are "the candidates of the political party which they represent" is unconstitutional will bear on the Party's rights to core political speech and association under the First Amendment, and its participation in this case will not prejudice the parties, this Court should grant the Party's motion to intervene.

## PUTATIVE INTERVENORS

Intervenor California Republican Party works to promote fair elections throughout the state of California; seeks to promote the election of Republican candidates (such as Donald J. Trump); and is dedicated to preserving the fundamental constitutional right to vote of all voters.

Importantly, the Party nominates slates of presidential electors by means of a selection process provided for in Elec. Code, § 7300, and the California Republican Party's bylaws, (CRP Bylaws, art. VI, § 6.01.)

## GROUNDS FOR INTERVENTION AS OF RIGHT

Rule 24(a) governs intervention as of right. It provides that "on timely motion the court must permit anyone to intervene" if he "claims an interest relating to the property or transaction that is the subject of the action," and is "so situated that the disposition of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P., rule 24 (a)(2).

Thus, the plain text of Rule 24(a) specifies four requirements for a person to intervene as of right in a lawsuit:

1. The motion to intervene must be "timely";
2. The movant must claim "an interest relating to the property or transaction";
3. The applicant must be "so situated that the disposition of the action may as a practical matter impair or impede the movant's ability to protect its interest"; and
4. The existing parties must not "adequately represent[]" the movant's interest.

*Wilderness Soc.*, 630 F.3d at 1177. The Party satisfies each of these four requirements and should be allowed to intervene.

*First*, this Petition to Intervene is timely. It was filed shortly after this case was initiated and before the deadline for briefs on Plaintiffs' Motion for Preliminary Injunction imposed by the Court. The timing of its filing will not prejudice any of the existing parties to the case. The timeliness of a motion to intervene is assessed by reference to three factors: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *County of Orange v. Air California*, 799 F.2d 535, 537 (9th Cir.1986). In this case the Party is seeking to intervene at the earliest stages of the case, its intervention does not prejudice the existing parties, and the lack of delay obviates the need for any explanation thereof.

***Second***, the Party possesses legal interests that are sufficiently related to the subject of this action. In keeping with the policy of liberal intervention, the Ninth Circuit has held that "Rule 24(a)(2) does not require a specific legal or equitable interest." *County of Fresno v. Andrus*, 622 F.2d 436, 438 (9th Cir.1980). Rather, the interest test is "primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Id*. It is usually enough that the intervenor's claimed interest is "protectable under some law, and that there is a relationship between the legally protected interest and the claims at issue." *Id*. at 1484. Furthermore, a prospective intervenor "has a sufficient interest for intervention purposes if it will suffer a practical impairment of its interests as a result of the pending litigation." *California ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir.2006).

The Party's interests are sufficient to warrant its inclusion in this case. The Party seeks to participate in this litigation to protect its interest in its ability to select presidential electors in the manner contemplated by state statute and its bylaws. The Party currently nominates electors by statute and to the extent not superseded by its bylaws, by its bylaws' provision for electors not designated by Elections Code section 7300. The Party is the only entity in the State which is legally entitled to nominate Republican electors for President of the United States in the first instance. The Party has never been forced to consider the loyalty of proposed electors to the various candidates for President of the United States. If California's Presidential Electors Statute is held unconstitutional, the Party will be forced—as a matter of practical and political reality—to revamp its process for choosing Presidential Electors by elevating loyalty to individual candidates over other factors such as time of service to the Party itself. It may, if the entire statute is invalidated, lose its right to nominate electors entirely. Therefore, the Party has a direct, substantial and legally protectable interest in preventing the invalidation of California's Presidential Electors Statute.

The Party also seeks to participate in this litigation to protect its interest in promoting the election of Donald J. Trump and Mike Pence as President and Vice President of the United States. Selecting candidates and helping them win public office is the "basic function of a political party." *Kusper v. Pontikes*, 414 U.S. 51, 58 (1973). Indeed, a party has a First Amendment right

to "promot[e] [its] candidates" and to help them win election. *Eu v. San Francisco*, 489 U.S. 214, 224 (1989). Here, the Party seeks to promote the election of Donald J. Trump as President and Mike Pence as Vice President of the United States. Plaintiff, by contrast, states that while his present intention is to vote for Hillary Clinton for President and Timothy Kaine for Vice President, who won a majority of the votes of California's voters, "Plaintiff cannot be constitutionally compelled to vote for them. Plaintiff must be allowed to exercise his judgment and free will to vote for whomever he believes to be the most qualified and fit for the offices of President and Vice President within the circumstances and with the knowledge known on December 19, 2016, whether those candidates are Democrats, Republicans, or from a third party." Compl., ¶ 22.

The U.S. Supreme Court has addressed a situation in which the Connecticut state government, similar to the Plaintiff, sought to give voters greater opportunities for candidate selection via diffusing the ability of political parties to present the candidate chosen within its internal rules as the ultimate choice for that party's presidential electors. The Supreme Court stated that: "the State thus limits the Party's associational opportunities at the crucial juncture at which the appeal to common principles may be translated into concerted action, and hence to political power in the community." *Tashjian v. Republican Party of Connecticut*, 479 U.S. 208, 216 (1986). Should Plaintiff be allowed to "vote his conscience" and cast his vote for a nominee other than the one dictated by state law and party rules, the state would similarly strike a blow to core associational rights under the First Amendment and render the political parties' candidate selection process during the primary all but meaningless.

The Party has a direct, substantial, and legally protectable interest in prospectively protecting its future candidates from Plaintiffs' legal maneuvers.

***Third***, the Rule 24(a) requires the Party to demonstrate that the "impair[ment] or imped[iment]" of its rights "may" occur as a result of the case (not that it will necessarily occur). Whether an applicant for intervention demonstrates sufficient interest in an action is "a practical, threshold inquiry. No specific legal or equitable interest need be established." *Greene v. United States*, 996 F.2d 973, 976 (9th Cir.1993) [citing *Portland Audubon Soc'y v. Hodel*, 866 F.2d 302,

308 (9th Cir.1989)]. A logical consequence of the invalidation of California's Presidential Electors' statute is that the Party will—at a minimum—be forced to alter its method for choosing electors in order to try and ensure their faithfulness to the will of California's voters in a general election (should they choose the Republican candidate for president). Indeed, it may lose its right to nominate such electors entirely. Further, invalidation of the statute may impede the Party's ability to promote the election of Mr. Trump as President and Governor Pence as Vice President.

***Finally***, Intervenors have met their burden of proving that their interests are not adequately represented by existing parties to the litigation. This burden is "minimal." *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972).

A party's interests are adequately represented when they are identical to that of a party to the litigation. *Arakaki v. Cayetano,* 324 F.3d 1078, 1086 (9th Cir.2003); *see also* 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1909, 318-19 (2d ed.1986). "If the absentee's interest is similar to, but not identical with, that of one of the parties, a discriminating judgment is required on the circumstances of the particular case, although intervention ordinarily should be allowed unless it is clear that the party will provide adequate representation for the absentee." 7C Fed. Prac. & Proc. Civ. § 1909 (3d ed.). A party may even intervene in a case where its interests are identical to those of an existing party if it makes a concrete showing "of circumstances in the particular case that make the representation inadequate." 7C Fed. Prac. & Proc. Civ. § 1909 (3d ed.).

The Ninth Circuit allows intervention where the interests of the proposed intervenor and the original defendant overlap. Responsible government agencies are presumed to adequately represent their citizens. See *Prete v. Bradbury*, 438 F.3d 949, 957 (9th Cir.2006). However, this presumption may be "rebutted by if Applicants and [defendants] "do not have sufficiently congruent interests." *Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 823 (9th Cir.2001).

The Governor, Attorney General and Secretary of State, who are responsible for protecting the State's interest in the Presidential Electors Statute, cannot simultaneously protect the Party's interest in its privileged position under that statute. Much less can public officials,

who are not meant to take sides in elections in their official capacities, protect the Party's interest in promoting the election of Donald Trump and Mike Pence.

The Party has a unique interest in maintaining its prerogative to nominate electors in reliance upon the Presidential Electors statute and maintaining its current procedure for doing so. It also has an interest in intervening on behalf of its members, who themselves—through their elected leadership appoints the committee to nominate electors—have a role in the nomination of Republican presidential electors who will ultimately cast ballots for the party's candidate. *California Democratic Party v. Jones* 530 U.S. 567, 575 (2000) ("Unsurprisingly, our cases vigorously affirm the special place the First Amendment reserves for, and the special protection it accords, the process by which a political party select[s] a standard bearer who best represents the party's ideologies and preferences.") (citing *Eu v. San Francisco Democratic Central Committee*, 489 U.S. 214, 224). Finally, it has an interest in promoting the election of Donald Trump as President and Mike Pence as Vice President. Thus, the Party should not be precluded from pursuing these interests, which the State does not share, in this case.

For the foregoing reasons, the Party satisfies the requirements for intervention as of right under Rule 24(a), and this Court should grant the Party's Motion.

## GROUNDS FOR PERMISSIVE INTERVENTION

In the event this Court concludes that the Party does satisfy the requirements for intervention as of right pursuant to Rule 24(a), it respectfully requests permissive intervention under Rule 24(b).

Rule 24(b) provides that, "upon timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P., rule 24(b)(1)(B). The Rule further provides that "[i]n exercising its discretion the court must consider whether the intervention will unduly delay or prejudice the adjudication of original parties' rights." Fed. R. Civ. P. 24(b)(3).

**PROPOSED ANSWER**

Intervenor proposes to file the Answer attached hereto as Exhibit A. As demonstrated by those Intervenors' proposed Answer in Intervention, which is filed concurrently with their Motion, the Party's defenses directly relate to the central issues in this case and it has been threatened with injury. The Party wishes to argue that Plaintiff lacks Article III standing to bring his suit, that the doctrine of laches bars Plaintiff's claims, that Plaintiff's lawsuit presents a non-justiciable political question, and that Plaintiff's lawsuit is barred by the Twelfth Amendment to the United States Constitution, among other defenses. If permitted to intervene, the Party intends to present evidence regarding the injury which would be occasioned to the Party if the Court enters a preliminary or permanent injunction in this case.

Allowing the Party to participate in this case will neither delay nor prolong these proceedings, and will not prejudice the existing parties in any way. Thus, even if the Court determines that the Party cannot intervene as of right, given the fundamental importance of the rights implicated by this litigation, as well as the Party's potential to help achieve a just and accurate resolution of this dispute, the Party respectfully requests that this Court exercise its broad discretion to allow permissive intervention.

**CONCLUSION**

For these reasons, Putative Intervenor California Republican Party respectfully requests that this Court grant its Motion to Intervene in this case and accept the Answer in Intervention and Brief in Opposition to Plaintiffs' Motion for Preliminary Injunction filed concurrently herewith.

Dated: December 13, 2016.   Respectfully submitted.

**BELL, McANDREWS & HILTACHK, LLP**

BY: /s/ _____
CHARLES H. BELL, JR.
BRIAN T. HILDRETH
TERRY J. MARTIN
Attorneys for Intervenor

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2016, I electronically filed a true and correct copy of the foregoing document entitled: NOTICE OF MOTION AND MOTION OF CALIFORNIA REPUBLICAN PARTY TO INTERVENE with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel:

| Counsel | Party Represented |
|---|---|
| Andrew John Dhuey<br>Attorney at Law<br>*ajdhuey@comcast.net*<br>456 Boynton Avenue<br>Berkeley, CA 94707<br>Tel: 510-528-8200<br>Fax: 510-528-8204 | Plaintiff VINZENZ J. KOLLAR an individual and Presidential Elector |
| Melody A. Kramer, Esq.<br>*Kramerlawinc.@gmail.com*<br>KRAMER LAW OFFICE, INC.<br>4010 Sorrento Valley Blvd., Suite 400<br>San Diego, CA 92121<br>Tel: (855) 835-5520 | |

Dated: December 13, 2016.    BELL, McANDREWS & HILTACHK, LLP

BY: ____/s/____
    CHARLES H. BELL, JR.
    BRIAN T. HILDRETH
    TERRY J. MARTIN

Attorneys for Intervenor
CALIFORNIA REPUBLICAN PARTY

NOTICE OF MOTION AND MOTION TO INTERVENE

**EXHIBIT A**

Charles H. Bell, Jr. (SBN 060553)
cbell@bmhlaw.com
Brian T. Hildreth (SBN 214131)
bhildreth@bmhlaw.com
Terry J. Martin (SBN 307802)
tmartin@bmhlaw.com
**BELL, McANDREWS & HILTACHK, LLP**
455 Capitol Mall, Suite 600
Sacramento, California 95814
Telephone:   (916) 442-7757
Facsimile:   (916) 442-7759

Attorneys for Intervenor
CALIFORNIA REPUBLICAN PARTY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VINZENZ J. KOLLER, an individual and Presidential Elector,<br><br>Plaintiff,<br><br>vs.<br><br>JERRY BROWN, in his official capacity as Governor for the State of California; KAMALA HARRIS, in her official capacity as Attorney General for the State of California; ALEX PADILL, in his official capacity as Secretary of State for the state of California; and DOES 1-10,<br><br>Defendants. | Case No.  5:16-cv-07069<br><br>**ANSWER IN INTERVENTION OF INTERVENOR CALIFORNIA REPUBLICAN PARTY** |

COMES NOW Intervenor California Republican Party ("Intervenor") and hereby submits this Answer in Intervention to Plaintiff VINZENZ J. KOLLER's ("Plaintiff") Complaint. Intervenor denies all allegations in Plaintiff's Complaint not expressly admitted herein.

1.   Intervenor admits that Plaintiff is an elector. Intervenor lacks sufficient information to respond to the remaining allegations of paragraph 1 and therefore deny them.

2. Intervenor admits that JERRY BROWN is the Governor of California. The remainder of paragraph 2 states a legal conclusion and thus does not require a response. To the extent a response is required, Intervenor denies the remaining allegations of paragraph 2.

3. Intervenor admits that Kamala Harris is the Attorney General of California. The remainder of paragraph 4 states a legal conclusion and thus does not require a response. To the extent a response is required, Intervenor denies the remaining allegations of paragraph 4.

4. Intervenor admits that Alex Padilla is the Secretary of State of California. The remainder of paragraph 4 states a legal conclusion and thus does not require a response. To the extent a response is required, Intervenor denies the remaining allegations of paragraph 4.

5. Intervenor lacks sufficient information to respond to the allegations of paragraph 5 and therefore deny them.

6. Paragraph 6 states legal conclusions and thus does not require a response. To the extent a response is required, Intervenor denies the allegations of paragraph 6.

7. Paragraph 7 states legal conclusions and thus does not require a response. To the extent a response is required, Intervenor denies the allegations of paragraph 7.

8. Paragraph 8 states legal conclusions and thus does not require a response. To the extent a response is required, Intervenor denies the allegations of paragraph 8.

9. Paragraph 9 states legal conclusions and thus does not require a response. To the extent a response is required, Intervenor denies the allegations of paragraph 9.

10. Intervenor lacks sufficient information to respond to this allegation and therefore deny it.

11. Paragraph 11 states legal conclusions and thus does not require a response. To the extent a response is required, Intervenor denies the allegations of paragraph 11.

12. Intervenor admits the allegations of paragraph 12.

13. Intervenor admits that Donald J. Trump and Michael Pence are the President-elect and Vice President-elect of the United States.

14. Paragraph 14 states legal conclusions and thus does not require a response. To the extent a response is required, Intervenor denies the allegations of paragraph 14.

Case 5:16-cv-07069-EJD   Document 14   Filed 12/13/16   Page 14 of 16

15. Paragraph 15 states legal conclusions and thus does not require a response. To the extent a response is required, Intervenor denies the allegations of paragraph 15.

16. Paragraph 16 states legal conclusions and thus does not require a response. To the extent a response is required, Intervenor denies the allegations of paragraph 16.

17. Paragraph 17 states legal conclusions and thus does not require a response. To the extent a response is required, Intervenor denies the allegations of paragraph 17.

18. Paragraph 18 states legal conclusions and thus does not require a response. To the extent a response is required, Intervenor denies the allegations of paragraph 18.

19. Paragraph 19 states legal conclusions and thus does not require a response. To the extent a response is required, Intervenor denies the allegations of paragraph 19.

20. Paragraph 20 states legal conclusions and thus does not require a response. To the extent a response is required, Intervenor denies the allegations of paragraph 20.

21. Paragraph 21 states legal conclusions and thus does not require a response. To the extent a response is required, Intervenor denies the allegations of paragraph 21.

22. Paragraph 22 states legal conclusions and thus does not require a response. To the extent a response is required, Intervenor denies the allegations of paragraph 22.

23. Intervenor incorporates the prior responses as though fully set forth here.

24. Paragraph 24 states legal conclusions and thus does not require a response. To the extent a response is required, Intervenor denies the allegations of paragraph 24.

25. Paragraph 25 states legal conclusions and thus does not require a response. To the extent a response is required, Intervenor denies the allegations of paragraph 25.

26. Paragraph 26 states legal conclusions and thus does not require a response. To the extent a response is required, Intervenor denies the allegations of paragraph 26.

27. Plaintiff's request for relief speaks for itself, so no response is required.

28. Paragraph 28 states legal conclusions and thus does not require a response. To the extent a response is required, Intervenor denies the allegations of paragraph 28.

29. Paragraph 29 states legal conclusions and thus does not require a response. Further, the quotations from Federalist No. 68 speak for themselves, so no response is required. To the

extent a response is required, Intervenor denies the allegations of paragraph 29.

30. Paragraph 30 states legal conclusions and thus does not require a response. To the extent a response is required, Intervenor denies the allegations of paragraph 30.

31. Paragraph 31 states legal conclusions and thus does not require a response. To the extent a response is required, Intervenor denies the allegations of paragraph 31.

32. Paragraph 32 states legal conclusions and thus does not require a response. To the extent a response is required, Intervenor denies the allegations of paragraph 32.

33. Paragraph 33 states legal conclusions and thus does not require a response. To the extent a response is required, Intervenor denies the allegations of paragraph 33.

34. Paragraph 34 states legal conclusions and thus does not require a response. To the extent a response is required, Intervenor denies the allegations of paragraph 34.

35. Paragraph 35 states legal conclusions and thus does not require a response. To the extent a response is required, Intervenor denies the allegations of paragraph 35.

## ANSWER TO PRAYER FOR RELIEF

A. Intervenor denies the allegations of paragraph A and denies that Plaintiff is entitled to relief.

B. Intervenor denies the allegations of paragraph B and denies that Plaintiff is entitled to relief.

C. Intervenor denies the allegations of paragraph C and denies that Plaintiff is entitled to relief.

D. Intervenor denies the allegations of paragraph D and deny that Plaintiff is entitled to relief

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof, and while reserving the right to assert all applicable affirmative defenses supported in law and fact, Intervenor asserts the following affirmative and separate defenses:

4

ANSWER IN INTERVENTION OF CALIFORNIA REPUBLICAN PARTY

1. Plaintiff lacks standing.
2. Plaintiff's claims are barred by the political-question doctrine.
3. Plaintiff's claims are barred by laches.
4. Plaintiff's claims are barred by the United States Constitution.
5. Plaintiff's claims are barred by the Electoral Count Act of 1887.

**PRAYER FOR RELIEF**

WHEREFORE, Intervenor California Republican Party prays:

A. For an Order dismissing Plaintiff's claims;

B. For final judgment in favor of Intervenor California Republican Party;

C. That the Court award Intervenor California Republican Party reasonable costs of suit;

D. That this Court award Intervenor California Republican Party reasonable attorneys' fees; and

E. For such other and further relief as this Court may deem just and proper.

Dated: December 13, 2016.                        Respectfully submitted.

**BELL, McANDREWS & HILTACHK, LLP**

BY: /s/
CHARLES H. BELL, JR.
BRIAN T. HILDRETH
TERRY J. MARTIN

Attorneys for Intervenor
CALIFORNIA REPUBLICAN PARTY