KAMALA D. HARRIS
Attorney General of California
MARC A. LEFORESTIER
Supervising Deputy Attorney General
KEVIN A. CALIA
Deputy Attorney General
State Bar No. 227406
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone:  (916) 322-6114
  Fax:  (916) 324-8835
  E-mail:  Kevin.Calia@doj.ca.gov
*Attorneys for Defendant Governor Edmund G. Brown Jr.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **VINZENZ J. KOLLER, an individual and Presidential Elector,**<br><br>Plaintiff,<br><br>v.<br><br>**JERRY BROWN, in his official capacity as Governor for the State of California; KAMALA HARRIS, in her official capacity as Attorney General for the State of California; ALEX PADILLA, in his official capacity as Secretary of State for the State of California; and DOES 1-10,**<br><br>Defendants. | 5:16-cv-07069-EJD<br><br>**OPPOSITION TO MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**<br><br>Date:<br>Time:<br>Dept:       4<br>Judge:      The Honorable Edward J. Davila<br>Trial Date:   N/A<br>Action Filed:  December 9, 2016 |

## INTRODUCTION

Governor Edmund G. Brown Jr. opposes plaintiff's motion for temporary restraining order and preliminary injunction on the ground that the action is barred by the Eleventh Amendment to the United States Constitution.

The Eleventh Amendment generally prohibits federal courts from hearing suits brought by private citizens against state governments without the state's consent. A state's sovereign immunity from suit in federal court extends to suits against its officers in their official capacities. Although a plaintiff may maintain a suit for prospective relief against a state official in his or her official capacity, the official sued must have a "fairly direct" connection with the enforcement of the challenged law – a generalized duty to enforce state law will not subject an official to suit. Governor Brown has no connection with the enforcement of the two Elections Code provisions challenged in this action. Plaintiff therefore has no likelihood of success on the merits as against the Governor and he should be dismissed from the action.

## STATEMENT OF FACTS

Plaintiff Vinzenz J. Koller is a Presidential Elector for the Democratic Party in California. Compl. 1:22-23; ¶¶ 10, 11. The democratic nominees for President and Vice President won the nationwide and California popular votes. Compl. ¶ 13. However, Koller anticipates that Republican candidates Donald Trump and Michael Pence will win the majority of the Electoral College vote when the Electoral College meets on December 19, 2016. Compl. ¶ 13.

Koller alleges that he "must be allowed to exercise his discretion and free will to vote for whomever he believes to be the most qualified and fit for the office of President and Vice President," based on his knowledge on the day the Electoral College meets. Compl. ¶ 22. He intends "to not necessarily vote for Hillary Clinton and Tim Kaine," but to deliberate and potentially choose another qualified candidate. Compl. ¶ 25. Koller believes Elections Code sections 6906 and 18002 prevent him from deliberating and from selecting candidates of his choice. Compl. ¶¶ 21, 24.

California Elections Code section 6906 reads as follows:

> The electors, when convened, if both candidates are alive, shall vote by ballot for that person for President and that person for Vice President of the United States, who are, respectively, the candidates of the political party which they represent, one of whom, at least, is not an inhabitant of this state.

California Elections Code section 18002 reads as follows:

> Every person charged with the performance of any duty under any law of this state relating to elections, who willfully neglects or refuses to perform it, or who, in his or her official capacity, knowingly and fraudulently acts in contravention or violation of any of those laws, is, unless a different punishment is prescribed by this code, punishable by fine not exceeding one thousand dollars ($1,000) or by imprisonment pursuant to subdivision (h) of Section 1170 of the Penal Code for 16 months or two or three years, or by both that fine and imprisonment.

Koller challenges the constitutionality of these Elections Code provisions on the grounds that the First and Twelfth Amendments guarantee electors freedom to vote for the candidates of their choice. Compl. ¶ 26. Koller has named Governor Brown as a defendant and seeks injunctive relief to prevent alleged violations of Koller's constitutional rights. Compl. ¶ 33.

## ARGUMENT

### I. THE STANDARDS FOR ISSUING A TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION REQUIRE A LIKELIHOOD OF SUCCESS ON THE MERITS.

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001); *Lockheed Missile & Space Co. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal.1995). For either form of relief, "a plaintiff must show (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

### II. DEFENDANT BROWN IS IMMUNE FROM SUIT UNDER THE ELEVENTH AMENDMENT.

Plaintiff alleges that his case arises directly under the First and Twelfth Amendments to the Constitution of the United States. Compl. ¶ 26. The Eleventh Amendment bars suits against a state in federal court for all types of legal or equitable relief in the absence of consent by the state or abrogation of that immunity by Congress. *Coll. Sav. Bank v. Florida Prepaid Postsecondary*

*Educ. Expense Bd.*, 527 U.S. 666, 670 (1999); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

Relevant to Koller's claims against the Governor, "[t]he Eleventh Amendment [also] bars a suit against state officials when 'the state is the real, substantial party in interest.'" *Pennhurst State Sch. & Hosp.*, 465 U.S. at 101 (citation omitted). The "'general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter.'" *Id.* (quoting *Hawaii v. Gordon*, 373 U.S. 57, 58 (1963) (per curiam)). "And, as when the State itself is named as the defendant, a suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief." *Id.* at 101-02.

The Supreme Court recognized a limited exception to Eleventh Amendment immunity in *Ex parte Young*, 209 U.S. 123 (1908). The *Ex parte Young* exception allows "suits for prospective declaratory and injunctive relief against state officers, sued in their official capacities, to enjoin an alleged ongoing violation of federal law." *Agua Caliente Band of Cahuilla Indians v. Hardin*, 223 F.3d 1041, 1045 (9th Cir. 2000). For the *Ex parte Young* exception to apply, however, the state officer must have a strong connection with the enforcement of the allegedly unconstitutional statute. *Long v. Van de Kamp*, 961 F.2d 151, 152 (9th Cir. 1992). "This connection must be fairly direct; a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit." *Los Angeles Cnty. Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992) (citing *Long*, 961 F.2d at 152; *Los Angeles Branch NAACP v. Los Angeles Unified Sch. Dist.*, 714 F.2d 946, 953 (9th Cir. 1983)). Further, "there must be a threat of enforcement." *Long*, 961 F.2d at 152. "Absent a real likelihood that the state official will employ his supervisory powers against plaintiffs' interests, the Eleventh Amendment bars federal court jurisdiction." *Id*.

The Complaint contains no allegations establishing the Governor's connection, direct or otherwise, to the enforcement of Elections Code sections 6906 or 18002. Indeed, the only reference to the Governor is in the boilerplate paragraph introducing the parties to the action which asserts the Governor's "power to enforce the laws of the State of California, including *Election Code* §§ 6906 and 18002." Compl. ¶ 2. The only other reference to enforcement in the

complaint is to a vague "threat of criminal prosecution." Compl. ¶ 26. There is no allegation that the Governor, or any Governor, has the power to enforce, much less has ever threatened to enforce, sections 6906 or 18002.

The absence of allegations concerning the Governor's connection to the challenged laws is not surprising. The Legislature gave the Governor no role in administering or enforcing sections 6906 or 18002.[1] The allegations of the complaint indicate the Governor is named as a defendant merely because of his position and general duties. The Governor is named as the State's "chief executive, [who] has the power to enforce the laws of the State of California, including *Election Code* §§ 6906 and 18002." Compl. ¶ 2. But it is well established that the Governor's general executive authority is an insufficient connection to bring a case within the *Ex parte Young* exception, and cannot make him a proper defendant in this action. *See Nat'l Audubon Soc'y, Inc. v. Davis*, 307 F.3d 835, 847, *opinion amended on denial of reh'g*, 312 F.3d 416 (9th Cir. 2002) (holding suit was "barred against the Governor and the state Secretary of Resources, as there is no showing that they have the requisite enforcement connection to Proposition 4"); *see also Association des Eleveurs de Canards et d'Oies du Quebec v. Harris* 729 F.3d 937, 943 (9th Cir. 2013) ("Governor Brown is entitled to Eleventh Amendment immunity because his only connection to [the challenged statute] is his general duty to enforce California law"); *Weinstein v. Edgar*, 826 F. Supp. 1165, 1167 (N.D. Ill. 1993) (stating that if Governor's general obligation to faithfully execute the laws was a sufficient connection to the enforcement of challenged statute, "then the constitutionality of every statute enacted by the Illinois legislature necessarily could be challenged by merely naming the Governor as a party defendant"). These allegations are insufficient to establish any connection between the Governor's authority and enforcement of sections 6906 or 18002.

---

[1] The Governor's only relevant duty under the Elections Code is found in section 6903, which provides: "On or before the day of meeting of the electors, the Governor shall deliver to the electors a list of the names of electors, and he or she shall perform any other duties relating to presidential electors which are required of him or her by the laws of the United States." These duties are not implicated by Koller's claims.

Because Governor Brown enjoys immunity from plaintiff's claims under the Eleventh Amendment, Koller cannot meet his burden to show a likelihood of success on the merits.

## CONCLUSION

Because Governor Brown has no connection to the enforcement of the statutes challenged in this action, he respectfully requests that the motion for a temporary restraining order and preliminary injunction be denied, and that the Court dismiss the Governor from the action sua sponte under the Eleventh Amendment.

Dated: December 14, 2016

Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California
MARC A. LEFORESTIER
Supervising Deputy Attorney General

_/s/ Kevin A. Calia_
KEVIN A. CALIA
Deputy Attorney General
*Attorneys for Defendant
Governor Edmund G. Brown Jr.*

SA2016104833

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | **Koller, Vinzenz, J. v. Jerry Brown, et al.** | No. | **5:16-cv-07069** |

I hereby certify that on <u>December 14, 2016</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**OPPOSITION TO MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>December 14, 2016</u>, at Sacramento, California.

| | |
|---|---|
| Eileen A. Ennis | */s/ Eileen A. Ennis* |
| Declarant | Signature |

SA2016104833
12527942.doc