MELODY A. KRAMER, SBN 169984
KRAMER LAW OFFICE, INC.
4010 Sorrento Valley Blvd., Ste. 400
San Diego, California 92121
Telephone (855) 835-5520
kramerlawinc@gmail.com

ANDREW J. DHUEY, SBN 161286
456 Boynton Avenue
Berkeley, CA 94707
Telephone (510) 528-8200
dhueyaj@yahoo.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINZENZ J. KOLLER, an individual and Presidential Elector,<br><br>Plaintiffs,<br><br>v.<br><br>JERRY BROWN, in his official capacity as Governor for the State of California; KAMALA HARRIS, in her official capacity as Attorney General for the State of California; ALEX PADILLA, in his official capacity as Secretary of State for the State of California; and DOES 1-10;<br><br>Defendants. | Case No. 5:16-cv-07069<br><br>**PLAINTIFF'S OPPOSITION TO MOTION TO INTERVENE OF JANIS KAIGHN AND GREGORY R. KAIGHN [DOC. #38]**<br><br>Date: June 15, 2017<br>Time: 9:00 a.m.<br>Courtroom 4, Fifth Floor<br>Hon. Edward J. Davila |

Plaintiff Vinzenz Koller, through his counsel, opposes the Motion to Intervene of Janis Kaighn and Gregory Kaighn (Doc. #38) for the following reasons.

Federal Rule of Civil Procedure 24 sets forth the procedures for intervention as of

right, and permissive intervention, in a pending federal civil lawsuit.

> (a) INTERVENTION OF RIGHT. On timely motion, the court must permit anyone to intervene who:
>    (1) is given an unconditional right to intervene by a federal statute; or
>    (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
> (b) PERMISSIVE INTERVENTION.
>    (1) *In General.* On timely motion, the court may permit anyone to intervene who:
>    (A) is given a conditional right to intervene by a federal statute; or
>    (B) has a claim or defense that shares with the main action a common question of law or fact.

The Kaighns have claimed entitlement to intervene under both Fed.R.Civ.P. Rule 24(a) and (b), however, a review of their Motion to Intervene does not disclose any federal statute on which they are relying for either an unconditional or conditional right to intervene, nor does it disclose any interest relating to Plaintiff's cause of action as set forth in the Complaint – declaratory judgment that California statutes that penalize presidential electors are unconstitutional. Furthermore, it is unclear what claim or defense the Kaighns are specifically raising that would have common questions or law or fact with the main action plead by Plaintiff.

     As such, Plaintiff joins with the Defendants (Doc. #53) in asking the Court to deny the Kaighn Motion to Intervene. Furthermore, Plaintiff has no objection to the Court ruling on this matter on the papers and is waiving any right to oral argument on this motion.

DATED this 10th day of January, 2017.

                                      __/s/ Melody A. Kramer_____
                                      Melody A. Kramer, Esq.
                                      Attorney for Plaintiff

**PROOF OF SERVICE**

I, Melody A. Kramer, declare: I am and was at the time of this service working within in the County of San Diego, California. I am over the age of 18 year and not a party to the within action. My business address is the Kramer Law Office, Inc., 4010 Sorrento Valley Blvd., Suite 400, San Diego, California, 92121.

On Tuesday, January 10, 2017 I served the following documents:

**PLAINTIFF'S OPPOSITION TO MOTION TO INTERVENE OF JANIS KAIGHN AND GREGORY R. KAIGHN [DOC. #38]**

Pursuant to Local Rules, I electronically filed this document via the CM/ECF system for the United States District Court for the Northern District of California.

I declare that the foregoing is true and correct, and that this declaration was executed on Tuesday, January 10, 2017, in San Diego, California.

/s/ Melody A. Kramer
Melody A. Kramer