1    Charles H. Bell, Jr. (SBN 060553)
      *cbell@bmhlaw.com*
2    Brian T. Hildreth (SBN 214131)
      *bhildreth@bmhlaw.com*
3    Terry J. Martin (SBN 307802)
      *tmartin@bmhlaw.com*
4    **BELL, McANDREWS & HILTACHK, LLP**
      455 Capitol Mall, Suite 600
5    Sacramento, California 95814
      Telephone:    (916) 442-7757
6    Facsimile:    (916) 442-7759

7    Attorneys for Intervenor
      CALIFORNIA REPUBLICAN PARTY
8

9                    UNITED STATES DISTRICT COURT

10                NORTHERN DISTRICT OF CALIFORNIA

11                       SAN JOSE DIVISION

| | |
|---|---|
| 12  VINZENZ J. KOLLER, an individual and Presidential Elector, | Case No.  5:16-cv-07069 |
| 13 | **ANSWER IN INTERVENTION OF** |
| 14            Plaintiff, | **INTERVENOR CALIFORNIA** **REPUBLICAN PARTY** |
| 15          vs. | |
| 16  JERRY BROWN, in his official capacity as Governor for the State of California; | |
| 17  KAMALA HARRIS, in her official capacity as Attorney General for the State of California; | |
| 18  ALEX PADILL, in his official capacity as Secretary of State for the state of California; | |
| 19  and DOES 1-10, | |
| 20 | |
| 21         Defendants. | |

22        COMES NOW Intervenor California Republican Party ("Intervenor") and hereby submits

23    this Answer in Intervention to Plaintiff VINZENZ J. KOLLER's ("Plaintiff") Complaint.

24    Intervenor denies all allegations in Plaintiff's Complaint not expressly admitted herein.

25        1.     Intervenor admits that Plaintiff is an elector.  Intervenor lacks sufficient information

26    to respond to the remaining allegations of paragraph 1 and therefore deny them.

27

28

2.      Intervenor admits that JERRY BROWN is the Governor of California.  The remainder of paragraph 2 states a legal conclusion and thus does not require a response.  To the extent a response is required, Intervenor denies the remaining allegations of paragraph 2.

3.      Intervenor admits that Kamala Harris is the Attorney General of California.  The remainder of paragraph 4 states a legal conclusion and thus does not require a response.  To the extent a response is required, Intervenor denies the remaining allegations of paragraph 4.

4.      Intervenor admits that Alex Padilla is the Secretary of State of California.  The remainder of paragraph 4 states a legal conclusion and thus does not require a response.  To the extent a response is required, Intervenor denies the remaining allegations of paragraph 4.

5.      Intervenor lacks sufficient information to respond to the allegations of paragraph 5 and therefore deny them.

6.      Paragraph 6 states legal conclusions and thus does not require a response.  To the extent a response is required, Intervenor denies the allegations of paragraph 6.

7.      Paragraph 7 states legal conclusions and thus does not require a response.  To the extent a response is required, Intervenor denies the allegations of paragraph 7.

8.      Paragraph 8 states legal conclusions and thus does not require a response.  To the extent a response is required, Intervenor denies the allegations of paragraph 8.

9.      Paragraph 9 states legal conclusions and thus does not require a response.  To the extent a response is required, Intervenor denies the allegations of paragraph 9.

10.     Intervenor lacks sufficient information to respond to this allegation and therefore deny it.

11.     Paragraph 11 states legal conclusions and thus does not require a response.  To the extent a response is required, Intervenor denies the allegations of paragraph 11.

12.     Intervenor admits the allegations of paragraph 12.

13.     Intervenor admits that Donald J. Trump and Michael Pence are the President-elect and Vice President-elect of the United States.

14.     Paragraph 14 states legal conclusions and thus does not require a response.  To the extent a response is required, Intervenor denies the allegations of paragraph 14.

2

15.     Paragraph 15 states legal conclusions and thus does not require a response.  To the extent a response is required, Intervenor denies the allegations of paragraph 15.

16.     Paragraph 16 states legal conclusions and thus does not require a response.  To the extent a response is required, Intervenor denies the allegations of paragraph 16.

17.     Paragraph 17 states legal conclusions and thus does not require a response.  To the extent a response is required, Intervenor denies the allegations of paragraph 17.

18.     Paragraph 18 states legal conclusions and thus does not require a response.  To the extent a response is required, Intervenor denies the allegations of paragraph 18.

19.     Paragraph 19 states legal conclusions and thus does not require a response.  To the extent a response is required, Intervenor denies the allegations of paragraph 19.

20.     Paragraph 20 states legal conclusions and thus does not require a response.  To the extent a response is required, Intervenor denies the allegations of paragraph 20.

21.     Paragraph 21 states legal conclusions and thus does not require a response.  To the extent a response is required, Intervenor denies the allegations of paragraph 21.

22.     Paragraph 22 states legal conclusions and thus does not require a response.  To the extent a response is required, Intervenor denies the allegations of paragraph 22.

23.     Intervenor incorporates the prior responses as though fully set forth here.

24.     Paragraph 24 states legal conclusions and thus does not require a response.  To the extent a response is required, Intervenor denies the allegations of paragraph 24.

25.     Paragraph 25 states legal conclusions and thus does not require a response.  To the extent a response is required, Intervenor denies the allegations of paragraph 25.

26.     Paragraph 26 states legal conclusions and thus does not require a response.  To the extent a response is required, Intervenor denies the allegations of paragraph 26.

27.     Plaintiff's request for relief speaks for itself, so no response is required.

28.     Paragraph 28 states legal conclusions and thus does not require a response.  To the extent a response is required, Intervenor denies the allegations of paragraph 28.

29.     Paragraph 29 states legal conclusions and thus does not require a response.  Further, the quotations from Federalist No. 68 speak for themselves, so no response is required.  To the

3

extent a response is required, Intervenor denies the allegations of paragraph 29.

30.     Paragraph 30 states legal conclusions and thus does not require a response.  To the extent a response is required, Intervenor denies the allegations of paragraph 30.

31.     Paragraph 31 states legal conclusions and thus does not require a response.  To the extent a response is required, Intervenor denies the allegations of paragraph 31.

32.     Paragraph 32 states legal conclusions and thus does not require a response.  To the extent a response is required, Intervenor denies the allegations of paragraph 32.

33.     Paragraph 33 states legal conclusions and thus does not require a response.  To the extent a response is required, Intervenor denies the allegations of paragraph 33.

34.     Paragraph 34 states legal conclusions and thus does not require a response.  To the extent a response is required, Intervenor denies the allegations of paragraph 34.

35.     Paragraph 35 states legal conclusions and thus does not require a response.  To the extent a response is required, Intervenor denies the allegations of paragraph 35.

## ANSWER TO PRAYER FOR RELIEF

A.     Intervenor denies the allegations of paragraph A and denies that Plaintiff is entitled to relief.

B.     Intervenor denies the allegations of paragraph B and denies that Plaintiff is entitled to relief.

C.     Intervenor denies the allegations of paragraph C and denies that Plaintiff is entitled to relief.

D.     Intervenor denies the allegations of paragraph D and deny that Plaintiff is entitled to relief

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof, and while reserving the right to assert all applicable affirmative defenses supported in law and fact, Intervenor asserts the following affirmative and separate defenses:

4

1. Plaintiff lacks standing.

2. Plaintiff's claims are barred by the political-question doctrine.

3. Plaintiff's claims are barred by laches.

4. Plaintiff's claims are barred by the United States Constitution.

5. Plaintiff's claims are barred by the Electoral Count Act of 1887.

**PRAYER FOR RELIEF**

WHEREFORE, Intervenor California Republican Party prays:

A.    For an Order dismissing Plaintiff's claims;

B.    For final judgment in favor of Intervenor California Republican Party;

C.    That the Court award Intervenor California Republican Party reasonable costs of suit;

D.    That this Court award Intervenor California Republican Party reasonable attorneys' fees; and

E.    For such other and further relief as this Court may deem just and proper.

Dated: January 25, 2017.                    Respectfully submitted.

                                   **BELL, McANDREWS & HILTACHK, LLP**


                                   BY: _____
                                        CHARLES H. BELL, JR.
                                        BRIAN T. HILDRETH
                                        TERRY J. MARTIN

                                   Attorneys for Intervenor
                                   CALIFORNIA REPUBLICAN PARTY

5