UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VINZENZ J. KOLLER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KAMALA D. HARRIS, et al.,<br><br>　　　　Defendants. | Case No. 5:16-cv-07069-EJD<br><br>**ORDER DENYING MOTION TO INTERVENE**<br><br>Re: Dkt. No. 38 |

Plaintiff Vinzenz J. Koller ("Plaintiff"), a Presidential Elector, alleges in this action that California Elections Code §§ 6906 and 18002 are unconstitutional because they compelled him to vote for particular candidates during the 2016 Presidential election. In an amended complaint filed on February 17, 2017, Plaintiff asserts three claims focused on those two statutes against the California Attorney General and the California Secretary of State (collectively, "Defendants"), one for declaratory relief and two for violation of 28 U.S.C. § 1983. Dkt. No. 83.

Presently before the court is a Motion to Intervene filed by Janis Kaighn and Gregory R. Kaighn ("Proposed Intervenors"), "individually and as co trustees on behalf of the People of the United States of America." Dkt. No. 38. According to their motion, they "have a personal interest in this case" because their son "has been kidnaped by either the President Elect of the United States or individual persons acting on his behalf." Plaintiff and Defendants oppose the motion. Dkt. Nos. 53, 66.

Federal jurisdiction arises pursuant to 28 U.S.C. § 1331. The court finds this matter suitable for decision without oral argument and the hearing scheduled for June 15, 2017, is VACATED. Having carefully reviewed the relevant pleadings, the court finds, concludes and

1
Case No.: 5:16-cv-07069-EJD
ORDER DENYING MOTION TO INTERVENE

orders as follows:

1.  In the absence of a statute mandating intervention, a third party may intervene in a case either as a matter of right under Federal Rule of Civil Procedure 24(a) or with the court's permission pursuant to Federal Rule of Civil Procedure 24(b). To establish the right to intervene under Rule 24(a)(2), a third party applicant must establish four elements:(1) its motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action. Sierra Club v. U.S. Envtl. Prot. Agency, 995 F.2d 1478, 1481 (9th Cir.1993). "Each of these four requirements must be satisfied to support a right to intervene." Arakaki v. Cayetano, 324 F.3d 1078, 1083 (9th Cir. 2003).

2.  Under Rule 24(b), the court may permit a party to intervene in its discretion provided three threshold conditions are satisfied: (1) there is an independent ground for jurisdiction; (2) there has been a timely motion made; and (3) there is a common question of law and fact between the applicant's claim or defense and the main action. Beckman Indus. v. Int'l Ins. Co., 966 F.2d 470, 473 (9th Cir.1992).

3.  Here, Proposed Intervenors have not identified a "significantly protectable" interest related to the limited issue raised by the amended complaint. While the court recognizes that "[w]hether an applicant for intervention as of right demonstrates sufficient interest in an action is a 'practical, threshold inquiry,' and '[n]o specific legal or equitable interest need be established,'" (Nw. Forest Res. Council v. Glickman, 82 F.3d 825, 837 (9th Cir.1996) (quoting Greene v. United States, 996 F.2d 973, 976 (9th Cir.1993))), "[a]n applicant generally satisfies the 'relationship' requirement only if the resolution of the plaintiff's claims actually will affect the applicant." Arakaki, 324 F.3d at 1084. A determination of the constitutionality of Elections Code §§ 69061 and 18002 as applied to a select group of individuals who serve as electors will not have an actual effect on Proposed Intervenors' ability to investigate the whereabouts of their son, or on any claim

they may wish to assert in separate litigation under the Communist Control Act, 50 U.S.C. §§ 841 et seq. Thus, intervention under Rule 24(a) is not warranted.

4. Nor is the court persuaded to permit intervention under Rule 24(b). Notably, the sole claim listed in Proposed Intervenors' complaint is against a defendant who is no longer involved in this action, and relates to subject matter unique to that individual. Dkt. No. 47. The claim has no apparent legal or factual connection to Plaintiff's claims, and Proposed Intervenors do not convincingly demonstrate otherwise. To be sure, Rule 24(b) is not a mechanism for the creation of whole new lawsuits. Donnelly v. Glickman, 159 F.3d 405, 412 (9th Cir. 1998) (citing Deus v. Allstate Ins. Co., 15 F.3d 506, 525 (5th Cir.1994)).

In sum, Proposed Intervenors have not articulated a valid basis for relief under either section of Rule 24. The Motion to Intervene (Dkt. No. 38) is therefore DENIED.

**IT IS SO ORDERED.**

Dated: June 2, 2017

EDWARD J. DAVILA
United States District Judge

Case No.: 5:16-cv-07069-EJD
ORDER DENYING MOTION TO INTERVENE

3