MELODY A. KRAMER, SBN 169984
KRAMER LAW OFFICE, INC.
4010 Sorrento Valley Blvd., Ste. 400
San Diego, California 92121
Telephone (855) 835-5520
kramerlawinc@gmail.com

ANDREW J. DHUEY, SBN 161286
456 Boynton Avenue
Berkeley, CA 94707
Telephone (510) 528-8200
dhueyaj@yahoo.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINZENZ J. KOLLER, an individual and Presidential Elector,<br><br>Plaintiffs,<br><br>v.<br><br>JERRY BROWN, in his official capacity as Governor for the State of California; KAMALA HARRIS, in her official capacity as Attorney General for the State of California; ALEX PADILLA, in his official capacity as Secretary of State for the State of California; and DOES 1-10;<br><br>Defendants. | Case No. 5:16-cv-07069<br><br>**PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF - REQUEST FOR A SCHEDULING ORDER [Civ.L.R. 7-11]**<br><br>Date: n/a<br>Time: n/a<br>Dept. 4<br>Hon. Edward J. Davila<br><br>Filing Date: Dec. 9, 2016<br>Trial Date: none set yet |

## INTRODUCTION

As the Court recalls, this case involves Plaintiff Vinz Koller, a presidential elector for the 2016 presidential election, who was intimidated and coerced, under threat of felony

1  prosecution, to vote for particular candidates for President and Vice-President in the 2016
2  presidential election, contrary to his rights and obligations under the U.S. Constitution, and
3  contrary to clearly established federal and state statutes prohibiting intimidation, threats, and
4  coercion of voters.  Plaintiff seeks declaratory relief and a permanent injunction holding
5  that California Elections Code §§ 6906 and 18002 violate the U.S. Constitution and federal
6  law, and has also raised 42 U.S.C. § 1983 civil rights claims.

7  Also, as the Court is aware, this case is a matter of national importance and one of
8  several cases throughout the country seeking judicial review of statutes compelling actions
9  by presidential electors.

10  This case is also time sensitive. The next presidential election will be held in
11  November 2020, and at least one presidential campaign has already commenced for that
12  election. Whatever the outcome at the trial level of this case, it is anticipated that there will
13  be subsequent appeals to both the Ninth Circuit Court of Appeals and finally to the United
14  States Supreme Court.

15  Due to the time sensitivity of this case, Plaintiff Vinzenz J. Koller, by and through
16  his attorneys, hereby request the Court to issue an order setting the initial case
17  management conference in this case as soon as practical.

18  As of the filing of this case in December 2016, no scheduling order other than
19  briefing schedules have been issued, and three motions to dismiss have been under
20  advisement by the Court since August 2017. Counsel needs guidance from the Court on a
21  schedule for completion of this case.

22  Defendants have been advised of this motion and, although they decline to enter a
23  stipulation, have indicated they do not intend to oppose this motion.

24
25  **FACTUAL SUMMARY**
26  This lawsuit was filed on December 9, 2016 and proceeded to expedited briefing
27  and hearing schedules on a Motion for Temporary Restraining Order and Preliminary
28  Injunction. An Initial Case Management Scheduling Order issued on December 12, 2016

1    setting a case management conference for March 9, 2017. Doc. #8.

2    On February 17, 2017, the parties filed, and the Court approved, a Stipulation to vacate the scheduled March 9, 2017 case management conference, pending proposals by the parties for a new schedule after conferring about an amended complaint and scheduling for anticipated motions to dismiss. Doc. #84.

On March 20, 2017, the Court approved a subsequent stipulation by the parties which stated that "A case management conference will be scheduled by further order of the Court for a time after the August 17, 2017 hearing on the motions to dismiss." Doc. #86, pg. 2:13-14.

On August 17, 2017, the Court heard Defendants' three motions to dismiss and took the matter under advisement. Doc. #103.

More than six months have passed since the August 17th hearing on the motions to dismiss, but no order on those motions, nor any scheduling order for the case management conference has issued.

**ARGUMENT**

**BOTH THE Fed.R.Civ.P. and Civil L.R. REQUIRE ISSUANCE OF A CASE MANAGEMENT ORDER.**

> (b) SCHEDULING.
>   (1) *Scheduling Order.* Except in categories of actions exempted by local rule, the district judge—or a magistrate judge when authorized by local rule—must issue a scheduling order:
>   (A) after receiving the parties' report under Rule 26(f); or
>   (B) after consulting with the parties' attorneys and any unrepresented parties at a scheduling conference.
>   (2) *Time to Issue.* The judge must issue the scheduling order as soon as practicable, but unless the judge finds good cause for delay, the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared.

Fed.R.Civ.P. Rule 16(b).

1. **(a) Issuance and Service of Order.** Except in categories of cases excluded under the Federal Rules of Civil Procedure, or these Local Rules or orders of this Court, when an action is filed the Court shall issue to the filing party an Order Setting Initial Case Management Conference and ADR Deadlines. The Order shall set the date for the Initial Case Management Conference—which shall be on the first date available on the assigned Judge's calendar that is not less than 90 days after the action was filed, and shall specify the deadline for filing the ADR Certification required by Civil L.R. 16-8(b) and either a Stipulation Selecting an ADR Process or a Notice of Need for ADR Phone Conference as required by Civil L.R. 16-8 (c) and ADR L.R. 3-5(c). A copy of this Order must be served by the plaintiff on each defendant, along with the supplementary materials specified by Civil L.R. 4-2.

Civil L.R. 16-2.

Although the Court promptly issued an order setting a case management conference, as called for by both Local Rules and Fed.R.Civ.P. through a series of stipulations it got postponed repeatedly and the case has now become stale, with no pending schedule or deadlines of any kind. Plaintiff is respectfully requesting the Court to fix this situation by setting a case management conference.

### CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests the Court to issue an order setting a case management conference in this case, or issue another scheduling order as the Court deems appropriate to allow this case to progress forward.

Dated this 13th day of March, 2018.

By:   /s/ Melody A. Kramer
Melody A. Kramer, Esq.
KRAMER LAW OFFICE, INC.
Attorney for Plaintiff

# PROOF OF SERVICE

I, Melody A. Kramer, declare: I am and was at the time of this service working within in the County of San Diego, California. I am over the age of 18 year and not a party to the within action. My business address is the Kramer Law Office, Inc., 4010 Sorrento Valley Blvd., Suite 400, San Diego, California, 92121.

On Tuesday, March 13, 2018 I served the following documents:

**PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF - REQUEST FOR A SCHEDULING ORDER**

**DECLARATION OF MELODY A. KRAMER IN SUPPORT OF PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF - REQUEST FOR A SCHEDULING ORDER [Civ.L.R. 7-11]**

**[PROPOSED] ORDER ON PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF - REQUEST FOR A SCHEDULING ORDER [Civ.L.R. 7-11]**

Pursuant to Local Rules, I electronically filed this document via the CM/ECF system for the United States District Court for the Northern District of California

I declare that the foregoing is true and correct, and that this declaration was executed on Tuesday, March 13, 2018, in San Diego, California.

/s/ Melody A. Kramer
Melody A. Kramer